IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01976-MSK-KMT

NATHAN YBANEZ,

    Plaintiff,

v.

WARDEN KEVIN MILYARD,
A NUMBER OF JOHN DOES,
THE EXECUTIVE DIRECTOR OF C.D.O.C,
GARY LITTLE, and
LLOYD WAIDE,

    Defendants.

**OPINION AND ORDER GRANTING, IN PART, MOTIONS TO DISMISS**

**THIS MATTER** comes before the Court pursuant to Defendants Kevin Milyard, Gary Little, and Lloyd Wade's ("the Sterling Defendants") Motion to Dismiss **(# 19)**, and the Plaintiff's response **(# 21)**; and Defendant Executive Director of C.D.O.C.'s Motion to Dismiss **(# 37)**, to which no responsive papers were filed.

## FACTS

According to the Plaintiff's *pro se* Complaint **(# 2)**, the Plaintiff is an inmate of the Colorado Department of Corrections ("CDOC"), housed at the Sterling Correctional Facility. On August 1, 2006, officials at the Sterling Correctional Facility conducted a mass search of some 500 inmates. The inmates were taken to the prison's gym, and 10 inmates at a time were subjected to body cavity searches while the rest of the inmates were instructed to sit at the other

end of the gym and watch.  The Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his rights under the U.S. Constitution's 4th Amendment, 8th Amendment, and Equal Protection Clause.  He requests an injunction against similar searches in the future and $50,000 in punitive damages.

The Sterling Defendants move to dismiss **(# 19)**, arguing that the Plaintiff fails to state a claim for either an 8th Amendment or Equal Protection Clause violation, and that any claim for damages should be dismissed under 42 U.S.C. § 1997e(e) because the Plaintiff did not sustain a physical injury.  Separately, Aristedes Zavaras – the actual name of Defendant "Executive Director of the C.D.O.C." – moves to dismiss **(# 37)** all claims against him, arguing that any claims asserted against him in his official capacity are actually suits against the State of Colorado and are barred by 11th Amendment immunity, and that the Plaintiff fails to allege Defendant Zavaras' personal participation in any constitutional deprivation sufficient to state an individual capacity claim.

## ANALYSIS

**A. Standard of review**

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff

according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

To the extent the Defendants seek to dismiss some claims pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Amended Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Amended Complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

### B. Sterling Defendants' Motion

The Sterling Defendants move to dismiss the Plaintiff's 8th Amendment and Equal Protection claims on the grounds that the facts alleged by the Plaintiff do not constitute an actionable deprivation of these constitutional rights.

The 8th Amendment to the U.S. Constitution bars the imposition of "cruel and unusual punishment." Although it is most commonly invoked where inmates are subjected to physical injuries while in custody, the 8th Amendment also bars the "unnecessary and wanton infliction of pain," regardless of whether that pain is physical or emotional. *Rhodes v. Chapman*, 452 U.S.

337, 346 (1981). The touchstone of the 8th Amendment's analysis is whether the punishment imposed is "totally without penological justification." *Id.* In *Rhodes*, the Supreme Court found that the practice of "double-celling" inmates in cells designed to hold only a single prisoner did not amount to an 8th Amendment violation, even though there was evidence that the prison was exceeding its inmate capacity by 38%, that the double-celling was expected to continue on a long-term basis, that inmates spent the bulk of their time in the cells, and that the practice reduced the amount of space-per-inmate recommended by correctional studies to about half the recommended amount. Noting that "restrictive and even harsh" conditions are to be expected from incarceration, the Court noted that the practice did not lead to deprivations of adequate food, sanitation, or medical care, nor did it expose inmates to an increased risk of violent attacks or significantly reduce inmates' access to work and educational programs. *Id.* at 348. The Court found that, under the circumstances, "these general considerations fall far short in themselves [of] proving cruel and unusual punishment," as the practice of double-celling neither "inflicts pain or is grossly disproportionate to the severity of crimes warranting imprisonment." *Id.*

Cases that have considered the constitutionality of body cavity searches under the 8th Amendment have routinely concluded that such searches are generally permissible, even though they may result in some humiliation to the inmate. For example, *Stewart v. Lyles*, 66 Fed.Appx. 18, 20 (7th Cir. 2003) (unpublished), explains that "a strip search in front of members of the opposite sex, or even performed by members of the opposite sex, does not necessarily violate the 8th Amendment."[1] The court in *Somers v. Thurman*, 109 F.3d 614, 622-24 (9th Cir. 1997),

---

[1] *Stewart* ultimately concluded that the inmate involved had stated a sufficient 8th Amendment claim because he contended that the search he was forced to undergo was imposed <u>solely</u> because of his complaint that such searches were inappropriate. *Id.* at 21. The court

4

rejected an 8th Amendment claim by a male inmate who was subjected to body cavity searches by female guards who "pointed at" him and "made jokes among themselves" during the search, as well as to observation by the same female guards while the inmate showered. The court noted that "cross-gender searches cannot be called inhumane and therefore do not fall below the floor set by the objective component of the Eighth Amendment," and that "gawking, pointing, and joking" by guards during a strip search or shower observation does not give rise to an 8th Amendment claim. *Id.* at 623-24; *see also Goff v. Nix*, 803 F.3d 358, 371 (8th Cir. 1986) (finding no 8th Amendment violation resulting from required body cavity searches).

With this guidance, this Court finds that the Plaintiff fails to state a claim under the 8th Amendment.² Even taken in the light most favorable to the Plaintiff, the Complaint does not recite circumstances that could be deemed to arise to the level of "wanton infliction of pain." The Plaintiff may have been embarrassed to have to undergo a strip search in the presence and sight of other inmates, but as the cases cited above make clear, the humiliation attendant to such a search in these circumstances is insufficient to constitute an 8th Amendment violation. The Plaintiff's contention that some of the inmates viewing the searches were homosexuals, and thus, "equivalent[ ] to the opposite sex" is also unavailing; as shown above, even strip searches conducted and viewed by members of the opposite sex will not, absent more, amount to an 8th Amendment violation. Accordingly, the Court finds that the Plaintiff has failed to state a claim

---

concluded that a search imposed solely for retaliatory purposes was "totally without penological justification" under *Rhodes*. Unlike *Stewart,* the Plaintiff here does not allege that the mass search, nor any of its particulars, were entirely unrelated to any penological purpose.

²The Plaintiff does not assert that the search itself was "without penological justification." Rather, the Court understands him to complain only about the <u>manner</u> in which the search was conducted.

5

under the 8th Amendment.

Next, the Sterling Defendants challenge the Plaintiff's ability to state a claim under the Equal Protection Clause. The primary element of an Equal Protection claim is an assertion that the plaintiff has been treated differently from similarly-situated individuals. If the plaintiff sufficiently alleges disparate treatment, the question then becomes whether that treatment is founded on the plaintiff's membership in a suspect class or implicates fundamental constitutional rights. If so, the burden is on the government to plead and prove a justification that would survive strict scrutiny. If not, the burden is on the plaintiff to plead and prove that the government lacks any rational justification for the distinction. *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007).

Typically, Equal Protection claims involve assertions that an "identifiable group" of individuals possessing a particular characteristic have been treated differently from otherwise similar groups who do not share that characteristic. *Engquist v. Oregon Dept. of Agr.*, 128 S.Ct. 2146, 2152-53 (2008). However, some articulation of the "group" to which the Plaintiff belongs is necessary.[3] Thus, an inmate's allegation that his property was mishandled whereas other unidentified inmates' property was not is insufficient to state an Equal Protection claim. *Thomas v. New Mexico Corrections Dept.*, 272 Fed.Appx. 727, 729 (10th Cir. 2008) (unpublished); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1253 (10th Cir. 2008) (dismissing Equal Protection claim where "there is no explanation of the characteristics of these similarly situated children and

---

[3]*Engquist* recognizes that, in certain circumstances, an individual who has been subjected to irrational treatment may maintain an Equal Protection claim as a "class of one." 128 S.Ct. at 2153. However, here, where the Plaintiff was allegedly subjected to the same treatment as 499 other inmates, the "class of one" approach is clearly inapplicable.

how they were allegedly treated differently"). Even in circumstances where courts have deemed conclusory assertions of unspecified similarly-situated inmates to satisfy the first element, Equal Protection claims have been dismissed because the inmate failed to allege facts sufficient to show that the distinction was not rationally based. *Fisher v. Oklahoma Dept. of Corrections*, 213 Fed.Appx. 704, 710 (10th Cir. 2007) (unpublished); *Hornsby v. Jones*, 188 Fed.Appx. 684, 689-90 (10th Cir. 2006) (unpublished).

Here, the Plaintiff's Complaint does not clearly identify, by description or otherwise, the group that he claims to have received discriminatory treatment or a group of similarly-situated inmates who have not. He does not allege that the 500 inmates who were searched have any common characteristic, other than the fact that they were searched, nor does he identify any distinguishing characteristic of those individuals who received preferential treatment, other than the fact that they were not searched. However, defining the groups by whether they were searched or not does not advance the Equal Protection analysis; it is tautological to contend that the characteristic defining the affected group is that they were all subjected to certain conduct. By definition, it would allow an Equal Protection claim to be brought in response to literally <u>any</u> governmental activity, as there would always be a "class" of those who were affected by the activity and an otherwise "similarly-situated" class consisting of "everyone else who was not affected." A claim under the Equal Protection clause requires more. *See Robbins, supra.*

Even assuming that there was some definable characteristic that differentiated the group that was searched from those inmates who were not, the Plaintiff has failed to plead facts that would show that the Defendants lacked a rational basis for effectuating the search in the manner that they did. For example, he does not allege that the decision to conduct a mass search, to do

7

so in the prison gymnasium, or require inmates to strip and reveal their body cavities were decisions that were not rationally based.[4] At best, the Complaint alleges only that the Defendants lacked a rational basis for instructing inmates not currently being searched to "face forward" during the search. *Complaint,* Claim 2, ¶ 3 ("The officers' express orders for witnesses to "face forward" and view the naked men indicates the malicious intent of the search. No reasonable purpose can be given for this order.") This single aspect of the search, divorced from all the other circumstances, is insufficient to allege an Equal Protection claim.[5]

Finally, the Sterling Defendants seek to dismiss any claim for damages by the Plaintiff, on the grounds that the Plaintiff does not claim to have sustained a physical injury. 42 U.S.C. §1997e(e) provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Plaintiff responds that he is not seeking damages for mental or emotional injury, but is only seeking punitive damages in this case. It is well-settled that § 1997e(e)'s limitation on damages does not limit an uninjured inmate's ability to seek only punitive damages. *Searles v. VanBebber,* 251 F.3d 869, 880-81 (10th Cir. 2001) ("Congress simply did not choose to provide a restriction on punitive damages").[6]

---

[4] The Plaintiff alleges that the Defendants "could have" chosen options that were more conducive to inmate privacy, *Complaint*, Claim 1, ¶ 7, but does not assert that the alternatives the Defendants actually chose lacked any rational basis.

[5] Indeed, once reduced to this level, it becomes even more difficult for the Plaintiff to identify a group of similarly-situated inmates not exposed to the same treatment. The Complaint appears to indicate that all 500 inmates being searched were instructed to face forward, and makes no mention of any other similar mass search in which inmates were not required to face those being searched.

[6] To the extent that *Milledge v. McCall*, 43 Fed.Appx. 196, 199 (10th Cir. 2002) (unpublished) ("a claim for punitive damages most certainly depends upon the merits of the

8

Accordingly, the Sterling Defendants' motion to dismiss is granted insofar as the 8th Amendment and Equal Protection claims are dismissed, and denied insofar as the Plaintiff can seek punitive damages without having suffered a physical injury.

**C. Defendant Zavaras' motion**

Defendant Zavaras moves to dismiss any official capacity and individual capacity claims against him. The Plaintiff did not respond to Defendant Zavaras' motion.

With regard to any official capacity claims that are asserted against Defendant Zavaras, such claims are the functional equivalent of suit against CDOC itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). It is well-established that suits against CDOC itself are barred by the 11th Amendment. *See e.g. Hunt v. Colorado Department of Corrections*, 271 Fed.Appx. 778, 780-81 (10th Cir. 2008) (unpublished).

With regard to any claims asserted against him in his individual capacity, Defendant Zavaras argues that the Complaint fails to adequately allege his personal participation in any constitutional deprivation. Generally speaking, when an individual deprives a plaintiff of a constitutional right, relief under § 1983 is not available against the individual's supervisor simply because of the supervisor's duty of oversight. *Pierce v. Amaranto*, 2008 WL 1931558 (10th Cir., May 1, 2008) (unpublished); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). However, there are a handful of situations in which an individual who did not personally participate in the constitutional deprivation may nevertheless be held liable. *See generally Turner v. Schultz*, 130 F.Supp.2d 1216, 1226 (D. Colo. 2001). For example, Defendant Zavaras

---

claimant's substantive assertions and is subject to the physical injury requirement of 42 U.S.C. § 1997e(e)") reaches a contrary conclusion, this Court defers to the published 10th Circuit authority.

could be liable if he is alleged to have specifically known that the Sterling Defendants were engaging in unconstitutional conduct, and despite that knowledge, failed to take action to cease the constitutional violation and prevent future harm. *Id.; Tafoya v. Salazar*, 516 F.3d 912, 916, 922 (10th Cir.2008). Or, if Defendant Zavaras is alleged to have been personally responsible for training the Sterling Defendants, and did so in such a deficient way that "future misconduct [was] almost inevitable," he could be liable. *Id. citing Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992).

Here, the Plaintiff alleges that "the Executive Director of CDOC is ultimately responsible for the safe and legal operations of Department Facilities." *Complaint*, Claim 1, ¶ 11. This is merely a claim against Defendant Zavaras based on his responsibility to supervise the Sterling Defendants. For the reasons stated above, a claim based simply on supervisory status is insufficient.

Next, the Plaintiff contends that "If the Executive Director had knowledge of the specifics of the search, then the Director failed to supervise the running of [Sterling] in a legal and proper manner. If the director approved of the manner in which the search was conducted, then he is directly and personally responsible." *Id.* As stated above, a supervisor will be liable under §1983 only if he both <u>knew</u> of an ongoing constitutional violation and <u>failed</u> to take action to stop it. *Tafoya*, 516 F.3d at 916, 922. However, the Court does not read the Plaintiff's Complaint to allege such facts. The Plaintiff merely states that "if" these facts were present, Defendant Zavaras would be liable; this is an accurate conclusion of law, but not an assertion of fact. Viewed in the light most favorable to the Plaintiff, the Complaint does not state the Plaintiff's knowledge or belief that he will be able to show that Defendant Zavaras knew of and

10

approved (or failed to halt) an unconstitutional search, but only what consequences would flow if this happened to be the case. The mere prospect that a plaintiff might eventually unearth facts that might be sufficient to state a claim is insufficient to prevent a dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Accordingly the Court grants Defendant Zavaras' motion to dismiss the individual claims against him. If the Plaintiff later comes into possession of facts that demonstrate Defendant Zavaras' knowledge of and acquiescence in a constitutional deprivation, the Court will entertain a properly-supported motion to amend the complaint so as to revive claims against Defendant Zavaras.

## CONCLUSION

For the foregoing reasons, the Sterling Defendants' Motion to Dismiss **(# 19)** is **GRANTED IN PART**, insofar as the Plaintiff's 8th Amendment and Equal Protection claims are **DISMISSED**, and **DENIED IN PART**, insofar as the Plaintiff's claim for punitive damages may be maintained despite the absence of any allegation of physical injury. Defendant Zavaras' Motion to Dismiss **(# 37)** is **GRANTED**, and the claims directed against Defendant Executive Director of the C.D.O.C. are **DISMISSED**. The Clerk of the Court shall modify the docket in this case to omit Defendant Executive Director of the C.D.O.C.

Dated this 20th day of August, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge