IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01976-MSK-KMT

NATHAN YBANEZ,

    Plaintiff,

v.

WARDEN KEVIN MILYARD,
A NUMBER OF JOHN DOES,
GARY LITTLE,
LLOYD WAIDE,
RAYMOND HIGGINS,
JEFF REVORD, and
ROBERT KEISEL,

    Defendants.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion to Compel Discovery" [Doc. No. 55, filed August 20, 2008]. Defendants responded on September 9, 2008 with "Defendants' Response to Plaintiff's Motion to Compel Discovery (Docket # 55)" [Doc. No. 67] and with a sealed document further outlining the Defendants' contention that release of two requested documents would pose safety and security threats if released to the inmate population of the prison [Doc. No. 69]. The court held oral argument on October 6, 2008 and the two disputed documents, marked "Exhibit 1 to #67" (Incident Post Action Report dated August 1, 2006) and "Exhibit 2 to #67" (Incident After Action Report dated July 27, 2006) were submitted to the Court for *in camera* review. Having reviewed the documents *in camera* and having considered

the arguments of the plaintiff and of counsel for the defendants, the court finds there is only a limited amount of information contained in the two contested documents which is relevant and discoverable and which is not likely to endanger the safety and security of the prison facility, the facility staff or other inmates.

*Analysis*

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1).

The court may, however, among other actions, forbid the disclosure or discovery of information, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

This case involves a strip search performed on the plaintiff and others subsequent to the death of an inmate at the Sterling Correctional Facility. Plaintiff has brought his claim for relief pursuant to 42 U.S.C. § 1983 arising out of that August 1, 2006, incident wherein a large number of inmates at the correctional facility were strip-searched in a large, open group. The plaintiff's surviving claim is that the strip search violated his Fourth Amendment rights as guaranteed by the United States Constitution. (Order, Doc. No. 57, August 20, 2008.)

The Fourth Amendment provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. CONST. AMEND. IV. How imprisonment affects the rights of a person with respect to a strip search was addressed in the seminal case *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The Tenth Circuit has interpreted *Bell*, holding, "[a]lthough the inmates' right to privacy must yield to the penal institution's need to maintain security, it does not vanish altogether." *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982). Further, "a strip search is an invasion of personal rights of the first magnitude" even in a prison setting. *Chapman v. Nichols*, 989 F.2d 393, 395 (10th Cir. 1993). Recently, the Tenth Circuit has directed that when considering the validity of a prison strip search in light of Fourth Amendment rights, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Farmer v. Perrill*, 288 F.3d 1254, 1259 -1260 (10th Cir. 2002). The court also confirmed that prison inmates have a right "not to be subjected to a humiliating strip search in full view of several (or perhaps many) others unless the procedure is reasonably related to a legitimate penological interest." *Id.* Therefore, discovery directed at the legitimate penological interest in conducting the August 1, 2006 search at the Sterling facility, the manner in which the search was undertaken, the scope of the search, the justification for the search and the place in which it was conducted is relevant.

Having reviewed the two documents at issue, this court finds that they do contain some limited information which would be relevant under the standard expressed above. However, the court also finds the exhibits contain far more information than is relevant to Plaintiff's Fourth

3

Amendment claim. Further, the court also finds the irrelevant, additional information is highly likely to provide inmates with knowledge which would cause harm to personnel of the prison and other inmates, as well as knowledge which could be used for nefarious purposes.

Therefore, the subject documents must be redacted to remove the irrelevant and potentially harmful information while still retaining the information relevant to Plaintiff's burden of proof in this civil action. For instance, with respect to Exhibit 2, the court finds: on page 1 of Exhibit 2, exclusive of the identifying information of date and facility, the only relevant information is the last sentence on the page concerning "Offender Death - . . ."; on page 2, the only bullet point which is relevant is the entry concerning the EMTs' contact to pronounce Inmate Kidneigh dead at 1:49 p.m.; and, on page 3 the bullet points concerning the 9:30, 10:15 and 11:00 entries, together with the entry three bullet points later concerning apprising Defendant Milyard of the developments and Defendant Milyard's directions are relevant, while the remainder of the page is not relevant. The court further finds that none of the information, as it is contained on and limited to Exhibits 1 and 2 to #67, concerning searches of locations or persons outside that where the plaintiff was searched, information concerning other witness interviews, or information concerning further investigation into Kidneigh's death are relevant.

Therefore the court ORDERS:

1. Defendants are directed to appropriately redact "Exhibit 1 to #67" and "Exhibit 2 to #67" consistent with this Order and submit the redacted Exhibits for further *in camera* review on or before October 15, 2008.

2. Ruling on Plaintiff's "Motion to Compel Discovery" [Doc. No. 55] will be held in abeyance pending the submission and review of the redacted exhibits.

Dated this 8th day of October, 2008.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge