IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01976-PAB-MJW

NATHAN YBANEZ,

Plaintiff,

v.

WARDEN KEVIN MILYARD, et al.,

Defendant(s).

---

**RECOMMENDATION REGARDING PLAINTIFF YBANEZ'S RE-FILED PETITION FOR CLASS ACTION CERTIFICATION  (DOCKET NO. 119)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on the pro se incarcerated plaintiff Ybanez's Re-filed Petition for Class Action Certification (docket no. 119).  The court has reviewed the subject motion (docket no. 119),  the response (docket no. 146 in case no. 07-cv-00229-WYD-MJW, the old case prior to consolidation), and the reply (docket no. 125).  The response by Defendants was not re-docketed in case no. 07-CV-1976-PAB-MJW during the consolidation of this case.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the plaintiff Ybanez is one of four pro se prison inmates who brought suit pursuant to 42 U.S.C. § 1983 arising out of an incident at the Sterling Correctional Facility in which he and a number of other inmates underwent a mass strip search of all of the inmates in Living Units 1 and 2 of the Sterling Correctional Facility on August 1, 2006.  The mass strip search was undertaken in an attempt to find and confiscate drugs, which were linked to the death of an inmate whose body was found four days before the search.  Pro Se Incarcerated Plaintiffs Quade and Thompson have settled their cases.  As of the date of this Order, the two remaining pro se incarcerated plaintiffs are Ybanez and Sue;

5. Fed. R. Civ. P. 23(a) requires all of the following prerequisites to be satisfied before a case can be certified as a class action:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

3

>> (4) the representative parties will fairly and adequately protect the interests of the class.

The district court must determine whether the four (4) threshold requirements listed above in Rule 23(a) are met. If the court determines that they are, it must then examine whether the action falls within one of the three (3) categories of suits set forth in Rule 23(b). Adamson v. Bowen, 855 F.2d 668, 675 (10th Cir. 1988). "[T]he party seeking to certify a class bears the burden of providing that all the requirements of Rule 23 are met . . . ." Shook v. El Paso County, 386 F.3d 963, 968 (10th Cir. 2004), cert. denied, 544 U.S. 978 (2005). "The decision to grant or deny certification of a class belongs within the discretion of the trial court." Reed v. Bowen, 849 F.2d 1307, 1309 (10th Cir. 1988). While "the court must accept the substantive allegations of the complaint as true . . . it need not blindly rely on conclusory allegations which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." Shook, 386 F.3d at 968 (quotations omitted);

6. That the Tenth Circuit has held that a pro se plaintiff cannot adequately represent the putative class. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320 (10th Cir. 2000) ("This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'");

7. That the court "also takes note of the logistical and administrative

4

constraints *pro se* inmate litigants experience, which would severely restrict their ability to investigate class claims and contact class members." Stine v. Lappin, 2008 WL 4449619 (D. Colo. Sept. 19, 2008);

8. That the pro se incarcerated plaintiffs Ybanez and Sue are not attorneys licensed to practice law in Colorado and therefore are not competent to serve as class representatives. Moreover, plaintiffs Ybanez and Sue do not have the authority to sign on behalf of the other prisoners, nor can they represent anyone other than themselves, ergo, the pro se incarcerated plaintiffs Ybanez and Sue have failed to satisfy the fourth requirement under Rule 23 (a) above that the representative parties will fairly and adequately protect the interests of the class. See Lyons v. Zavaras, 2008 WL 852657 (D. Colo. Mar. 28, 2008) (Pro se inmate "may not pursue this action as a class action without representation by counsel because a *pro se* litigant may not represent other *pro se* litigants in federal court . . . and is not an adequate class representative for a putative class action."); and

9. That this court need not address the remaining first three requirements under Rule 23(a) since the pro se incarcerated plaintiffs must meet all four requirements of Rule 23(a) before a class may be certified.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS:**

1. That Plaintiff Ybanez's Re-filed Petition for Class Action Certification (docket no. 119) be **DENIED**.

2. That each party shall pay their own attorney fees and costs since under the facts and circumstances of this case an award of expenses would be unjust.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 19th day of May, 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. Magistrate Judge