IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01976-PAB-MJW

NATHAN YBANEZ,

    Plaintiff,

v.

KEVIN MILYARD, et al.,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 139], which recommends that the Court deny the motion for class certification of plaintiff Nathan Ybanez. [Docket No. 119]. Plaintiff filed timely objections [Docket No. 142] to the Recommendation. Defendants filed a response [07-cv-00229-WYD-MJW, Docket No. 146][1] to the objections.

Plaintiff seeks to represent a class of prisoners who were subjected to a strip search at the Sterling Correctional Facility. The Court has conducted a *de novo* review of the motion, the parties' briefs, and the relevant case law and has construed the plaintiff's motion liberally in light of his status as a *pro se* plaintiff. *See Haines v.*

---

[1] Mr. Ybanez's lawsuit, along with two others, was previously consolidated with *Quade v. Milyard*, 07-cv-00229-WYD-MJW. The defendants' response to plaintiff's objections was filed in *Quade* while the cases were consolidated. It was not re-docketed in this case after the cases were de-consolidated and plaintiff Ybanez's case was reassigned to me on April 6, 2009 [Docket No. 148, 07-cv-00229-WYD-MJW].

*Kerner*, 404 U.S. 519, 520-21 (1972). The Court agrees with the magistrate judge's conclusion that plaintiff is not an adequate representative of the putative class. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'") (citations omitted). This conclusion is unaffected by the appointment of counsel for a plaintiff in a separate action raising similar claims in this Court. The question here is whether Mr. Ybanez will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Having found that he cannot, the Court need not reach the other three prerequisites to class certification. *See* Fed R. Civ. P. 23(a).

Plaintiff also objects to the magistrate judge's recommendation that each party pay his or her own attorney fees and costs. Contrary to plaintiff's reading of this recommendation, the magistrate judge has not reached the question of plaintiff's potential entitlement to costs at the end of the proceedings in this case if he is the prevailing party. Rather, the magistrate judge simply made clear that each side will bear the cost of litigating the present motion.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 139] is ACCEPTED. It is further

**ORDERED** that the motion for class certification [Docket No. 119] is DENIED.

2

DATED March 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge